```
              UNITED STATES DISTRICT COURT
                       FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA
```

CLINTON BUSH,                       :
                                    :
       Petitioner           :
                                    :
  v.                                :   CIVIL NO. 3:CV-05-2424
                                    :
PENNSYLVANIA BOARD OF PROBATION     :   (Judge Conaboy)
AND PAROLE,                         :
                                    :
       Respondent           :
_____

## MEMORANDUM
### Background

Clinton Bush, an inmate presently confined at the McCreary United States Penitentiary, Pine Knot, Kentucky, filed this <u>pro se</u> petition for writ of habeas corpus while previously incarcerated at the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania (FCI-Schuylkill). Named as sole Respondent is the Pennsylvania Board of Probation and Parole (Parole Board). Service of the petition was previously ordered.

Petitioner was originally sentenced in Pennsylvania state court to a one (1) year, eight (8) month, and fifteen (15) day to six (6) year, eleven (11) month term of incarceration. On December 15, 1997, Bush was granted parole. Approximately one (1) month later, Petitioner moved from his approved residence without permission. He was arrested in Philadelphia,

Pennsylvania on January 18, 1998 and charged with theft by unlawful taking, criminal mischief, and receiving stolen property. On March 18, 1998, the Parole Board declared that Bush was delinquent as of January 13, 1998.

Petitioner was arrested for a second time in Philadelphia on June 8, 1998 and charged with two firearm offenses. He was placed in the Philadelphia County Prison. Following his arrest, the Parole Board charged Bush with technical violations of his parole. Specifically, it was alleged that Petitioner had changed his residence without permission and failed to follow written instructions to report. A parole hearing was held on June 23, 1998 at which time Bush admitted to the technical violations. By Notice dated September 8, 1998, the Parole Board ordered the Petitioner to be: (1) detained pending disposition of his pending criminal charges, and (2) recommitted to a state correctional facility to serve an eighteen (18) month term when available.

On August 11, 1998, Bush was indicted in the United States District Court for the Eastern District of Pennsylvania on a charge of possession of a firearm by a convicted felon.[1] This alleged offense also stemmed from Bush's June 8, 1998 arrest. The Petitioner was taken into federal custody pursuant to a writ

---

[1] See 18 U.S.C. § 922(g)(1).

2

of habeas corpus ad prosequendum on August 27, 1998.  Shortly thereafter, the Eastern District ordered that Petitioner be detained pending trial on his federal charge.

On September 24, 1998, Bush was sentenced to a term of probation in Pennsylvania state court with respect to the receiving stolen property charge of January 18, 1998.  The following month, the Commonwealth nolle prossed the state criminal charges relating to Petitioner's June 8, 1998 arrest in favor of the pending federal prosecution.  He entered a guilty plea to the federal firearm charge on December 14, 1998.

Bush was sentenced to a one hundred and eighty (180) month term of incarceration by the Eastern District of Pennsylvania on March 18, 1999.[2]  Thereafter, he remained in federal custody.  On April 8, 1999, the Parole Board issued a parole violator warrant on the grounds that Bush was both a technical and convicted parole violator.  The warrant was lodged with federal correctional officials as a detainer against Bush.

In his pending action, Petitioner claims entitlement to federal habeas corpus relief on the grounds that he was not returned to state custody upon the conclusion of his federal

---

[2] Bush challenged the legality of his federal sentence in a prior habeas corpus petition before this Court.  See Bush v. Holt, Civil No. 3:CV-05-1209.  His petition was dismissed without prejudice.

prosecution to complete service of his eighteen (18) month technical parole violator term.  Bush contends that he should have been returned to state custody because the Parole Board had "exercised primary custody over petitioner."  Doc. 1, ¶ 12(A).  In a supporting memorandum, Bush adds that because he was not returned to state custody upon conclusion of his federal prosecution, the Parole Board "committed a manifest abuse of its power" and violated his due process rights.  Doc. 2, p. 5.  He concludes that his eighteen (18) month parole violator term began to run as of the date of his June 8, 1998 arrest, and because the Parole Board did not relinquish primary custody, his parole violator term expired on June 5, 2002 while he was in federal custody pursuant to the writ of habeas corpus ad prosequendum.

## Discussion

Title 28, United States Code § 2241, vests the federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241(c)(3).  See also Zannino v. Arnold, 531 F.2d 687, 690 (3d Cir. 1976) ("The role of judicial review of a Parole Board decision on application for a writ of habeas corpus is to insure that the Board has followed criteria appropriate, rational and consistent

4

with the statute and that its decision is not arbitrary and capricious, nor based on impermissible conditions.").

In the present action, Petitioner contends that the Parole Board violated his constitutional rights by not having him returned to state custody upon the conclusion of his federal prosecution.  He asserts that based upon standards set forth in Chambers v. Holland, 920 F.Supp. 618 (M.D. Pa. 1996), aff'd, 100 F.3d 946 (3d Cir. 1996), there was never a proper relinquishment of primary custody by the Commonwealth.  See Doc. 2, p. 4.  Bush adds that he should have been returned into state custody so that a parole revocation hearing on the charge that he was a convicted parole offender could have been convened within 120 days of his federal conviction.

It is undisputed that the Parole Board by decision dated March 18, 1998 ordered the Petitioner to serve an eighteen (18) month term of incarceration for his admitted technical violations of his state parole.  Bush was taken into federal custody on August 27, 1998 pursuant to a writ of habeas corpus ad prosequendum. Thereafter, Petitioner was convicted of a firearms offense in federal court.

The Petitioner was subsequently sentenced in federal court on March 18, 1999.  The Eastern District in sentencing Petitioner recommended that Bush be designated to a state

institution to enable a portion of his federal sentence to run concurrently with his eighteen (18) month technical parole violator term.[3]

Generally, a prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the person. Chambers, 920 F. Supp. at 621-22,"[U]nless and until the first sovereign relinquishes jurisdiction over the prisoner" the sovereign that first arrested the offender has primary jurisdiction. Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000).  In Chambers, Judge McClure of this Court stated that "[p]rimary jurisdiction remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release or expiration of the sentence." Chambers, 920 F. Supp. at 622. Bush states that none of the circumstances enumerated in Chambers transpired in his case, therefore, he concludes that the Commonwealth did not relinquish its primary jurisdiction.

---

[3] § 3621(b) of Title 18 U.S.C. grants to the Federal Bureau of Prisons (BOP) the authority to recommend that a state prison be designated as the place of service of a federal inmate's sentence in order to make it concurrent with a state sentence being served at the state facility.  However, a federal court may not direct that a federal sentence run concurrently with a state sentence. Gomori v. Arnold, 533 F.2d 871, 875 (3d Cir. 1976).

Petitioner filed a prior habeas corpus action with this Court regarding the execution of his federal and state technical parole violator term.  See Bush v. Nash, Civil No. 3:CV-03-1434. By Memorandum and Order dated October 25, 2004, Petitioner's earlier petition was dismissed.  Specifically, the claims set forth against the Parole Board were dismissed for failure to exhaust available state court remedies.  Second, the allegations against the BOP were denied on the grounds that: (1) all of Petitioner's pre-sentence confinement was credited towards service of his federal sentence; and (2) it was the Parole Board which prevented Bush from serving his federal sentence concurrently with his state technical parole violation term. This Court's Memorandum noted that on "January 12, 1999, the United States Marshal's Service for the Eastern District of Pennsylvania was notified by Pennsylvania state authorities that they were not going to execute their parole violator warrant and were relinquishing primary jurisdiction over Bush."  See id. at Doc. 18, p. 8.

Based on this Court's prior determination, three (3) months prior to his federal sentencing, the Commonwealth's January 12, 1999 notice was a "triggering event" sufficient to establish relinquishment of primary jurisdiction over Bush.  Chambers, 920 F. Supp at 622; United States v. Warren, 610 F.2d 680, 684-8 (9th

Cir. 1980)(a sovereign with priority of jurisdiction may elect under the doctrine of comity to relinquish it to another sovereign). It is also noted that the circumstances enumerated in <u>Chambers</u> were listed only as being examples of how primary jurisdiction may be relinquished. The decision in <u>Chambers</u> clearly does not indicate that those are the only circumstances under which primary jurisdiction could be relinquished. Consequently, Bush's reliance on <u>Chambers</u> is misplaced. It is additionally noted that the Parole Board's September 8, 1998 decision states that the technical parole violation term was to be served when available. Pursuant to the above discussion, Petitioner's claim that primary jurisdiction was not relinquished by the Commonwealth will be denied.

Bush has also not provided this Court with any authority which could support his contention that the Parole Board's decision to allow him to remain in federal custody for service of his federal sentence rather than having him returned to state custody was unconstitutional.

In <u>Moody v. Daggett</u>, 429 U.S. 78, 86-88 (1976), the United States Supreme Court recognized that there was no constitutional right to a prompt parole revocation hearing. <u>See</u> <u>also</u> <u>Caruso v. United States Bd. Parole</u>, 570 F.2d 1150, 1151 (3d Cir. 1978)(no right of state prisoner to immediate parole revocation

hearing from federal parole authorities); Riley v. Holt, 2005 WL 1154755 *2 (M.D. Pa. May 4, 2005)(Caldwell, J.)(due process right to a revocation hearing accrues upon execution of warrant).  The Supreme Court in Moody noted that it was acceptable for a parole violator warrant to be lodged as a detainer and that there was no requirement that an immediate revocation hearing be conducted.  Second, under Pennsylvania state law, if a federal conviction serves as the basis for a convicted parole offender revocation charge, the parolee is required to serve the new sentence prior to serving any Pennsylvania backtime.  See Griffin v. Department of Corrections, 862 A.2d 152, 155 (Pa. Cmwlth. 2004).

   Based on the criteria set forth in Moody, Bush's argument that he should have been returned to state custody in order for the Parole Board to conduct a revocation hearing on the charge that he was a convicted parole offender lacks merit.  It was a permissible exercise of discretion for the Commonwealth to relinquish primary custody for the purpose of having Bush initially serve his new federal sentence prior to any parole violation term.  An appropriate Order will enter.


                         S/Richard P. Conaboy
                         RICHARD P. CONABOY
                         United States District Judge

DATED: NOVEMBER 14, 2006

9

```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA


CLINTON BUSH,                       :
                                    :
        Petitioner                  :
                                    :
    v.                              :   CIVIL NO. 3:CV-05-2424
                                    :
PENNSYLVANIA BOARD OF               :   (Judge Conaboy)
PROBATION AND PAROLE,               :
                                    :
        Respondent                  :
_____
```

**ORDER**

    AND NOW, THEREFORE, THIS 14th DAY OF NOVEMBER, 2006, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

        1.    The petition for writ of habeas corpus is denied.

        2.    The Clerk of Court is directed to close this case.

        3.    Based on the conclusions herein, there is no basis for the issuance of a Certificate of Appealablity.

                          <u>S/Richard P. Conaboy</u>
                          RICHARD P. CONABOY
                          United States District Judge